```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

_____
                                    )
TYRONE BAZZLE                       )
                                    )
                Petitioner,         )
                                    )    CIVIL ACTION
            v.                      )    No. 18-12184-WGY
                                    )
                                    )
STEPHEN SPAULDING,                  )
                                    )
                Respondent.         )
_____)

YOUNG, D.J.                                      May 19, 2020

**ORDER**

Tyrone Bazzle ("Bazzle"), until recently a prisoner at Federal Medical Center - Devens, brings this petition for habeas corpus pro se. Pet. Writ Habeas Corpus ("Pet."), ECF No. 1. The respondent ("the government") moves to dismiss. See Resp't's Mot. Dismiss Alt. Summ. J. ("Mot. Dismiss"), ECF No. 16; Mem. Supp. Resp't's Mot. Dismiss ("Gov't's Mem."), ECF No. 17. This Court GRANTS the motion to dismiss because Bazzle has not shown any error on the part of the sentencing judge or the Bureau of Prisons ("BOP").

Bazzle was sentenced to 120 months in prison on March 13, 2013 on charges of cocaine trafficking in the Eastern District of Pennsylvania. Pet. 13, 32. On May 5, 2020, the sentencing court ordered compassionate release for Bazzle under 18 U.S.C. §

1

3582(c)(1)(A)(i).  See Order, United States v. Bazzle, Cr. A. No. 11-74 (E.D. Pa. May 5, 2020), ECF No. 84 ("Release Order").  That release order included eight years of supervised release, Id. at 2, the same period as in his original sentence.  See Sentencing Tr. 11:21, United States v. Bazzle, Cr. A. No. 11-00074-BMS (E.D. Pa. Mar. 11, 2013), ECF No. 55 ("Second Sentencing").  This Court still has jurisdiction to consider his habeas petition because it is based on his argument that the Bureau of Prison ("BOP") incorrectly calculated his sentence, and he continues to remain on supervised release.

This petition for habeas corpus is brought under 28 U.S.C. § 2241, which governs challenges to the calculation of a sentence.  Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).  Bazzle properly exhausted his administrative remedies, and timely brought his petition.  Pet. 17.  This Court applies the law of the sentencing circuit to evaluate the validity of the sentence.  See In re Davenport, 147 F.3d 605, 612 (7th Cir. 1998); Chazen v. Marske, 938 F.3d 851, 865 (7th Cir. 2019) (Barrett, J., concurring) (collecting cases).

Bazzle was arrested on January 4, 2011 on charges of trafficking cocaine while under federal supervision.[1]  Pet. 13,

---

[1] Bazzle had been released from prison on January 6, 2009 after being sentenced for distribution of narcotics in the Middle District of Florida.  Govt.'s Mem. 2.  This sentence included supervised release.  Id.

2

32.  He was sentenced in federal court in the Eastern District of Pennsylvania on June 14, 2012 to 18 months imprisonment for violation of federal supervision, see Resentence Order, United States v. Bazzle, Cr. A. No. 10-00777 (E.D. Pa. June 19, 2012) ("First Sentencing"), ECF No. 13, then by a different judge on March 11, 2013 to 120 months for the drug charges.  Second Sentencing 11:4.  The sentencing judge ordered the two sentences served concurrently.  Id.

After sentencing, Bazzle unsuccessfully appealed his conviction on unrelated grounds.  See Pet. 1-3.  The sentencing judge also denied without prejudice his request for reconsideration of the sentence calculation.  Id. at 27.  His request for administrative reconsideration by the BOP was denied on Dec. 22, 2017.  Id. at 13.

Bazzle challenges his sentence on three grounds.  In grounds one and two he contends that his sentence was calculated incorrectly because the sentencing judge ordered that his sentences be served concurrently, but they were not.  Id. at 7-8.  Bazzle states that his 2012 sentencing date (for the violation of supervised release) was rushed to allow him to receive medical treatment, and that he was unable to appear for his drug trafficking sentencing because the marshals delayed his

case for health and logistical reasons.[2]  Id.  Bazzle argues that he is essentially serving consecutive sentences because the BOP did not credit the time he served for violation of release towards his concurrent sentence.  Id. at 8.  He argues that he is losing 18 months of concurrency due to this error, which he calls "mathematical, technical, or clerical" in nature.  Id. at 11.

His request for compassionate release, granted by the sentencing court, was based on his condition of amyloidosis, end stage renal failure, hypertension, and diabetes, with a life expectancy of 18 months.  Id. at 8.

The government argues that Bazzle's sentence was calculated correctly.  The government explains that when Bazzle was sentenced on June 4, 2012 for violation of supervised release, he received credit towards that sentence for the time since his arrest.  Gov't's Mem. 4 (citing 18 U.S.C. § 3585(b)).  This gave him a projected release date of April 12, 2012.  Id.  As the release date was before the date of sentencing, the BOP considered it an "ineffectual sentence," defined as one that is

---

[2] Bazzle developed the underlying facts in his request for administrative review.  Pet. 20.  He claims that his attorney died after his arrest, and that following the 2012 sentencing his second sentencing was continued to allow his new attorney to learn the case.  Id.  He says that the need to provide him dialysis hastened his first sentencing, because he required a sentence in order to move to a facility with sufficient medical support, and delayed the second sentencing.  Id.

over before imposed.  Id. at 5.  Thus the sentence for violation of supervised release had already expired prior to the second sentencing, even though the two were to run "concurrently," and he received credit towards his sentence only for the time period between April 26, 2012, when the first sentence expired, and the second sentencing on March 10, 2013.  Id. at 6.

A federal sentence commences on the date the defendant is received into federal custody awaiting transportation, or arrives in federal custody voluntarily.  18 U.S.C. § 3585(a).  A defendant will receive credit for time served "that has not been credited against another sentence."  Id. § 3585(b).  The purpose of this limitation is to prevent "double credit" for detention time.  United States v. Wilson, 503 U.S. 329, 337 (1992).  BOP regulations establish that a federal sentence cannot commence retroactively on a date before sentencing.  Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) 1-12. Numerous circuit courts have adopted this as a substantive rule, citing section 3585(a).  Barnes v. Masters, 733 F. App'x 93, 96 (4th Cir. 2018) (collecting cases from the Second, Fifth, Ninth, and Eleventh Circuits).  This includes the Third Circuit.  See United States v. Zwick, Nos. 07-425 & 10-1449, 2011 U.S. Dist. LEXIS 14184, at *21 (W.D. Pa., Feb. 14, 2011) (citing United States v. Gaskins, 393 F. App'x 910, 914 (3d Cir. 2010) (unpublished)).

The government submitted the declaration of Kneyse Martin, a Management Analysis, walking through how Bazzle's sentence was calculated. See Resp't's Mem., Ex. 1, ECF No. 17-1. The analysis as described in Martin's declaration is in accordance with the applicable laws and regulations.

Bazzle argues that his sentence should nonetheless be reformed because the judge ordered his two sentences to run concurrently, and they effectively ran consecutively. Pet. 23. Bazzle contends: "If I was sentenced in the correct order, then my times would run completely in concurrent timing. I should not lose 15% of my time when/if the judge made a clear error by stating it should run concurrently but unaware that half of my time would not be included . . . ." Id. at 23. Bazzle, however, submits no evidence that the judge was unaware of the prior sentence. The sentencing memorandum his counsel at the sentencing hearing submitted should have included this information if it was relevant, and Bazzle has not claimed that his attorney failed to do so. See Second Sentencing 6:3-7:24.

Both the probation officer and the judge stated that a consecutive sentence did not serve the interest of justice even though, in practice, the time served in Bazzle's case would be the same regardless of whether the sentence were consecutive or concurrent. Pet. 35-36, Second Sentencing 11:5-11:18. Yet this does not indicate the judge was unaware of the sentence Bazzle

6

would actually serve.  The sentencing guidelines instruct judges that, in the case of multiple counts of conviction, if the count carrying the highest statutory maximum is adequate to achieve appropriate punishment "then the sentences on all counts shall run concurrently, <u>except to the extent otherwise required by law.</u>"  U.S.S.G. § 5G1.2(c) (emphasis added).  Here, where the judge indicated the 120-month sentence was sufficient, other applicable law controlled the determination of concurrency.

Furthermore, whether the judge subjectively knew that consecutive and concurrent sentences would result in the same length of imprisonment does not matter because he ordered the minimum sentence available under the law.  Bazzle was sentenced to the mandatory minimum for his drug trafficking conviction, so the judge did not have the discretion to reduce the sentence further.  <u>Id.</u> at 7:13-24, 8:3-7; 28 U.S.C § 841(b).  Due to the "double credit" prohibition in section 3585(b), the judge also did not have the discretion to credit Bazzle for time served that was already counted towards the supervised release violation.  In the Third Circuit a judge may order "double credit" for a federal and <u>non-federal</u> sentence, but both counts against Bazzle were federal.  <u>See</u> <u>Zwick</u>, 2011 U.S. Dist. LEXIS 14184, at *22.  In his response, Bazzle cites to <u>Zwick</u> and several other cases allowing double-counting of federal and

state credits, but because of section 3585(b) all these cases are inapposite.  Resp. 1-2, ECF No. 21.

Bazzle's final argument in his response is that under these circumstances the BOP effectively usurped the authority of the sentencing judge to order a concurrent sentence: "By allowing the FBOP to count the first judge's sentence against my time is the same as giving them the ultimate decision over concurrent or consecutive sentencing."  Id. at 2.  There is some truth to this, but the BOP and the judge acted only in accordance with section 3585 as propagated by Congress.

With all that said, the long delay in bringing Bazzle's drug trafficking case to sentencing resulted in his imposed prison time being substantially longer than it would have been if the sentence had been imposed concurrently with the first charge, or within 18 months of his initial arrest.  There is no evidence that any of the parties involved either committed error or violated federal law; the delay seems to have been the result of his poor health, logistical problems, and bad luck.  This Court does not have the power to alter a legitimate sentence on habeas review, but even when the government scrupulously follows the law, the result can still be unjust.

In conclusion, though Bazzle has been granted compassionate release, this Court must still GRANT the government's motion to dismiss the habeas petition.

**SO ORDERED.**

                                      <u>/s/ William Young</u>
                                      WILLIAM G. YOUNG
                                      DISTRICT JUDGE